FILED
U.S. DISTRICT COURT
2012 JUL 10 PM 12: 01
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JOHN KELLAT,

        Plaintiff,

v.

BRIAN OWENS; BRUCE CHATMAN;
DON JARRIEL; JOHN PAUL;
Mr. MOSELEY; Mr. STRICKLAND;
TOMMY JONES; DEAN BROOME;
SHANNON ROLAND; JOHN DOE;
and JANE DOE,

        Defendants.

CIVIL ACTION NO.: CV611-126

## MAGISTRATE JUDGE'S ORDER and REPORT AND RECOMMENDATION

Plaintiff John Kellat ("Plaintiff"), an inmate currently incarcerated at Coffee Correctional Facility in Nicholls, Georgia, filed an action under 42 U.S.C. § 1983 contesting certain conditions of his confinement at Georgia State Prison in Reidsville, Georgia. Defendants Owens, Chatman, Paul, and Broome ("moving Defendants") filed a Motion to Dismiss. The dispositive argument in the moving Defendants' Motion to Dismiss applies to all Defendants. Plaintiff filed a Response to the moving Defendants' Motion to Dismiss, and the moving Defendants filed a Reply. For the following reasons, the moving Defendants' Motion to Dismiss should be **GRANTED**, and Plaintiff's claims against all Defendants should be **DISMISSED**.

AO 72A
(Rev. 8/82)

## STATEMENT OF THE CASE

Plaintiff alleges that on November 30, 2009, Defendant Roland failed to administer his insulin shot at a time which would accommodate his meals, per Georgia State Prison policy. Plaintiff also alleges that after his insulin shot was administered Defendants Moseley and Strickland refused to give him food and medical treatment that he requested. Finally, Plaintiff alleges that Defendants Owens, Jarriel, Chatman, Jones, Broome, Paul, and John or Dane Doe failed to correct the problem relating to timeliness of food and insulin administration even though they were aware of the allegedly ongoing problem via the grievance procedure.

## DISCUSSION AND CITATION TO AUTHORITY

A prisoner proceeding in a civil action pursuant to § 1983 must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915 and 1915A. Under the PLRA:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

AO 72A
(Rev. 8/82)

The moving Defendants assert that Plaintiff has brought at least three civil actions which were dismissed and count as strikes under § 1915(g): (1) Kellat v. Douglas Cnty., et al., CV110-2250 (N.D. Ga. Sept. 24, 2010) (dismissed for failure to state a claim upon which relief may be granted); (2) Kellat v. Owens, CV111-525 (N.D. Ga. Mar. 30, 2011) (dismissed as frivolous); and (3) Kellat v. Douglas Cnty., et al., No. 10-15713-D (11th Cir. Apr. 7, 2011) (dismissed as frivolous). Plaintiff argues that the dismissal in Kellat v. Owens, CV111-525, does not count as a strike under § 1915(g). The Court disagrees. In Kellat v. Owens, CV111-525, the court determined that "Plaintiff has failed to state a plausible claim against Defendant upon which relief can be granted." Id. at Doc. No. 8, pp. 4-5. As a result, the court dismissed Plaintiff's complaint without prejudice. Id. at Doc. No. 8, p. 8. Dismissal for failure to state a claim upon which relief may be granted counts as a strike under § 1915(g). Because Plaintiff has filed three previously dismissed cases which qualify as strikes under section 1915(g), Plaintiff may not proceed in forma pauperis in this action unless he can demonstrate that he falls within the "imminent danger of serious physical injury" exception. Plaintiff has abandoned his allegation that he is in imminent danger of serious physical injury. (Doc. No. 52, p. 5).

The moving Defendants' remaining grounds for dismissal do not need to be addressed.

## CONCLUSION

The Court **VACATES** its November 29, 2011, Order granting Plaintiff leave to proceed in forma pauperis. Plaintiff's Motion to Proceed in forma pauperis is **DENIED**. Based on the foregoing, it is my **RECOMMENDATION** that the moving Defendants'

3

Motion to Dismiss be **GRANTED** and that Plaintiff's claims against all Defendants be **DISMISSED**. If Plaintiff wishes to proceed with the allegations stated in this action, he should be required to resubmit his complaint along with the full filing fee.

**SO ORDERED** and **REPORTED AND RECOMMENDED**, this 10th day of July, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

4