UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JOHN KELLAT,

Plaintiff,

v.                   6:11-cv-126

BRIAN OWENS; BRUCE CHATMAN; DON JARRIEL; JOHN PAUL; Mr. MOSELEY; Mr. STRICKLAND; TOMMY JONES; DEAN BROOME; SHANNON ROLAND; JOHN DOE; and JANE DOE,

Defendants.

### ORDER

Before the Court is Plaintiff's "Motion to Object to Court's Order and Request for Three Judge Consideration," which the Court construes as a motion for reconsideration.[1] ECF No. 75; *see Good v. United States*, 627 F.3d 846, 848 (11th Cir. 2010) (holding that courts have the authority to "look behind the label" and re-characterize pro se filings). For the following reasons, the Court **DENIES** the motion.

This is not the only case Plaintiff has filed in federal court. Far from it. In fact, Plaintiff—in just the last two years—has three other lawsuits that count as strikes under the Prison Litigation Reform Act ("PLRA").[2] *See* 28 U.S.C. §§ 1915, 1915A; *Kellat v. Douglas Cnty., et al.*, No. 1:10-cv-225 (N.D. Ga. Sept. 24, 2010); *Kellat v. Owens*, No. 1:11-cv-525 (N.D. Ga. Mar. 30, 2011); *Kellat v. Douglas Cnty., et al.*, No. 10-15713-D (11th Cir. Apr. 7, 2011). Plaintiff is a frequent filer under the PLRA and as a result, this Court dismissed this case without prejudice and required Plaintiff to prepay the entire filing fee before he could refile. *See* ECF No. 55.

Plaintiff now argues that a motion to supplement his complaint in *Kellat v. Owens*, No. 1:11-cv-525, should serve to nullify that case as a strike for purposes of the PLRA and thus make him re-eligible for IFP status in his case before this Court. *See* ECF No. 75-1 at 1-2. Plaintiff's argument fails.

Judge Duffey of the Northern District dismissed *Kellat v. Owens*, No. 1:11-cv-525, well over a year ago. *See* No. 1:11-cv-525, ECF No. 8. He shortly thereafter denied Plaintiff's motion for reconsideration. *See* No. 1:11-cv-525, ECF No. 11. So, no case, and thus no complaint, existed which Plaintiff could supplement. The complaint in Case No. 1:11-cv-525 died with the court's dismissal and no motion to supplement could revive it. Plaintiff needed to refile that complaint entirely, much like he would need to do in this case should he want to proceed further.

Perhaps if refiled, Plaintiff's complaint in Case No. 1:11-cv-525, enhanced by the new facts Plaintiff alleges in his motion to supplement, would survive a motion to dismiss. The Court has no opinion on that

---

[1] At bottom, Plaintiff's motion requests the Court reconsider its Order of October 17, 2012 denying Plaintiff's request to reinstate his *in forma pauperis* ("IFP") status. *See* ECF No. 72.
[2] The PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998).

question. Regardless of the answer, however, a refiled complaint in Case No. 1:11-cv-525, even if non-frivolous, cannot take Plaintiff from three strikes under the PLRA to two. Plaintiff crossed—and then burned—that bridge before he ever filed suit in this Court. His IFP status in this case therefore cannot be reinstated as a result of the motion to supplement in Case No. 1:11-cv-525. Plaintiff's motion is **DENIED**.

This 19 day of November 2012.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA