UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JOHN KELLAT,

Plaintiff,

v.   6:11-cv-126

BRIAN OWENS; BRUCE CHATMAN; DON JARRIEL; JOHN PAUL; Mr. MOSELEY; Mr. STRICKLAND; TOMMY JONES; DEAN BROOME; SHANNON ROLAND; JOHN DOE; and JANE DOE,

Defendants.

## ORDER

Before the Court is John Kellat's ("Kellat") Motion to Supplement Pleading. ECF No. 85.

Federal Rule of Civil Procedure 15(d) states that a "court may . . . permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense." The Court, however, long ago dismissed Kellat's original pleading because he "is a frequent filer who must pay the full filing fee before 'federal courts may consider [his] lawsuit[ or] appeals.'". See ECF No. 56 at 3 (citing *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by, Jones v. Bock*, 549 U.S. 199 (2007)); 28 U.S.C. § 1915(g).[1] Consequently, no pleading, not even a defective one, exists for Kellat to supplement. Kellat's motion is therefore *DENIED*.

This ___ day of January 2013.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court notes that supplementation would be futile, even if possible. At the risk of sounding like a broken record, the Court repeats: Kellat is a frequent filer who by law must pay the full filing fee *before* a court may hear his claims. *See* 28 U.S.C. § 1915(g); ECF No. 56 at 3. The substance of Kellat's claims may have all the merit in the world, but this Court will not—nor will any other federal tribunal—entertain any actions, other than one showing Kellat is in imminent danger of serious physical injury, initiated by Kellat unless he pays the full filing fee. *See* 28 U.S.C. §1915(g). If Kellat wishes to have the allegations in this motion heard, he needs to file a new complaint entirely. Much more importantly, he must pay the full filing fee when he files that new complaint. Otherwise the Court will be obligated to dismiss that complaint as it has the complaint in this case. *See Casey v. Scott*, No. 12-10646, 2012 WL 5328306, at *1 (11th Cir. Oct. 30, 2012) (citing *Dupree v. Palmer*, 284 F.3d 1234, 1235 (11th Cir. 2002).